**FILED**

July 10, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK JOHNSON PEDRAZA-HIDALGO, | § § § § | |
| Petitioner, | § § | **NO. SA-26-CV-03843-OLG** |
| v. | § § | |
| BOBBY THOMPSON *et al.*, | § § § | |
| Respondents. | § | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Mark Johnson Pedraza-Hidalgo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court must dismiss the Petition without prejudice for the reasons below.

Petitioner is a citizen of Venezuela who entered the United States without inspection in 2022; was re-detained by immigration authorities on June 4, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings. (Dkt. No. 1 at 3–4; Dkt. No. 4 at 4; Dkt. No. 4-1 at 1; Dkt. No. 4-2 at 3.) Petitioner initiated this action on June 16, 2026, seeking release or a bond hearing on the grounds that he may not be mandatorily detained consistent with his right to due process.[1] (*See* Dkt. No. 1 at 5, 14.)

---

[1]Petitioner also asserts entitlement to habeas relief based on the Equal Protection Clause. (*See* Dkt. No. 1 at 9–11.) This claim is unavailing and therefore **DISMISSED**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *4 (N.D. Tex. Apr. 13, 2026) (finding equal-protection based claim unavailing in this context, where "the primary objection to the respondents' detention policy is its over-inclusivity").

The Fifth Circuit recently held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *6, 16 (5th Cir. July 2, 2026). Here, because Petitioner's detention commenced on June 4, 2026 (*see* Dkt. No. 1 at 3; Dkt. No. 4-1 at 1), Respondents' window to provide a bond hearing has not yet closed. As such, Petitioner's ongoing detention does not yet violate due process. *See Rodriguez*, 2026 WL 1906557, at *16 (holding that mandatory detention under § 1225(b)(2)(A) does not violate due process so long as a bond hearing is "held within 90 days of the commencement of detention"). Accordingly, the Petition (Dkt. No. 1) must be and hereby is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July ____10____, 2026.

ORLANDO L. GARCIA
United States District Judge

2